

# McClain v. Causey

United States District Court for the Middle District of North Carolina

January 12, 2021, Decided; January 12, 2021, Filed

1:20-cv-695

**Reporter**
2021 U.S. Dist. LEXIS 5529 *; 2021 WL 111496

DALLAS R. MCCLAIN, Plaintiff, v. JOHN MICHAEL "MIKE" CAUSEY, Commissioner of Insurance for the State of North Carolina in His Official Capacity and In His Individual Capacity, et al., Defendants.

**Subsequent History:** Motion denied by *McClain v. Trendel, 2021 U.S. Dist. LEXIS 63828, 2021 WL 1227046 (M.D.N.C., Apr. 1, 2021)*

**Counsel:** [*1] For DALLAS R. MCCLAIN, Plaintiff: G. GRADY RICHARDSON , JR., LAW OFFICES OF G. GRADY RICHARDSON, JR. P.C., LUMINA STATION, WILMINGTON, NC.

For JOHN MICHAEL CAUSEY, Commissioner of Insurance for the State of North Carolina in His Official Capacity and In His Individual Capacity, NORTH CAROLINA DEPARTMENT OF INSURANCE, By and Through the Actions Of Its Commissioner and the Individual Defendants Named Herein, JACQUELINE JACKIE OBUSEK, In Her Individual Capacity, JEFFREY A. TRENDEL, In His Individual Capacity, JOHN CABLE, In His Individual Capacity, STEVE BRYANT, In His Individual Capacity, DANIEL S. JOHNSON, In His Individual Capacity, M. DENISE STANFORD, In Her Individual Capacity, HEATHER FREEMAN, In Her Individual Capacity, MARTY SUMNER, In His Individual Capacity, Defendants: JOSEPH E. ELDER, LEAD ATTORNEY, N. C. DEPARTMENT OF JUSTICE, Administrative Division, RALEIGH, NC.

**Judges:** Catherine C. Eagles, UNITED STATES DISTRICT JUDGE.

**Opinion by:** Catherine C. Eagles

# Opinion

### MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Dallas McClain, brings eight causes of action against employees and officials of the North Carolina Departments of Insurance and Justice based on regulatory actions taken [*2] by the Department of Insurance against a bail bond surety business in which Mr. McClain claims an indirect ownership interest. Mr. McClain lacks standing to bring all but one of his federal claims, and that one cause of action fails to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over his remaining state claims. The defendants' motion to dismiss is granted.

### Facts as Alleged

For the limited purpose of resolving the motion to dismiss, the Court considers the allegations in the complaint as true and summarizes them below. *Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009)*. The Court has also considered court records and exhibits submitted by the defendants to the extent that they establish dates of relevant filings and other state actions, *see* Doc. 17 (reflecting the plaintiff's lack of objection to the authenticity of the defendants' exhibits), but not for the truth of the facts asserted in the submissions or findings in orders.

Cannon Surety, LLC, is a North Carolina limited liability company wholly owned by another North Carolina limited liability company, Premier Judicial Consultants, LLC. Doc. 1 at ¶¶ 4, 54-55, 149. Cannon provides surety bail bonding services and bail surety [*3] as a "special purpose captive entity." *Id.* at ¶¶ 56, 157. Mr. McClain is the manager of both Premier and Cannon, and he owns a 75% interest in Premier. *Id.* at ¶¶ 148, 370. Clyde Brawley owns the other 25%. *Id* at ¶ 148.

On September 27, 2017, the North Carolina Department of Insurance filed a verified petition against Cannon in state court seeking an order of rehabilitation, a seizure order, an order appointing receiver, and injunctive relief under Chapter 58, Articles 10 and 30 of the North

Carolina General Statutes. *Id.* at ¶ 394. The Wake County Superior Court entered a seizure order that day, Doc. 12-2, and the next day the Department of Insurance took possession of records and property located in the offices of Premier and Cannon. Doc. 1 at ¶ 395. On January 2, 2018, the Superior Court placed Cannon into rehabilitation, where it remains. *Id.* at 123.

Mr. McClain filed this complaint against Mike Causey in his personal and official capacity as North Carolina Commissioner of Insurance, and against various employees and officials of the North Carolina Departments of Insurance and Justice in their personal and official capacities. Mr. McClain alleges eight causes of action against the defendants, **[*4]** consisting of three federal constitutional claims, *id.* at ¶¶ 495-520, and five state tort claims. *Id.* at ¶¶ 521-48.

At its core, the complaint alleges that the defendants conspired to advance the interests of Mr. Causey's political supporters by violating Mr. McClain's constitutional rights. Primarily, Mr. McClain alleges that the regulatory seizure and rehabilitation of Cannon was based on intentionally false and misleading information and deprived him of due process and equal protection of his protected liberty and property interests. *Id.* at ¶¶ 464, 507, 511, 523.

Mr. McClain invokes this court's federal question jurisdiction pursuant to *28 U.S.C. §§ 1331* & *1343*, and the court's supplemental jurisdiction over his state tort claims pursuant to *§ 1367*. The defendants move to dismiss the complaint for lack of subject matter jurisdiction and standing, lack of personal jurisdiction, and failure to state a claim. Doc. 13 at 12.

**Discussion**

**A. Personal Jurisdiction**

The defendants challenge personal jurisdiction in the motion to dismiss. *See id.* at 15-16. But the defendants have not made any argument related to service of process or otherwise as to personal jurisdiction beyond a short reference to the standard, *see id.*, and the Court **[*5]** deems this defense to be abandoned. *See Williams v. Guilford Tech. Cmty. Coll. Bd. Of Trs., 117 F. Supp. 3d 708, 714 n.1 (M.D.N.C. 2015)* (dismissing unsupported argument as abandoned); *Greene v. Cnty. of Durham Office of Sheriff Dep't, No. 1:14-CV-153, 2014 U.S. Dist. LEXIS 151798, 2014 WL 5465371, at *5 (M.D.N.C. Oct. 28, 2014)* ("It is not the Court's duty to make arguments for any litigant, and the Court is not required to address perfunctory arguments."); *see also LR 7.2(a)(4)* (requiring litigants to support their arguments with authorities).

**B. Mr. McClain's Federal Claims**

Mr. McClain asserts three causes of action under federal law. He labels his first cause of action, Doc. 1 at ¶¶ 495-504, as a claim under *42 U.S.C. § 1983* for equal protection and due process violations, and those constitutional violations are clearly set forth. *See, e.g., id.* at ¶¶ 500-01. He also asserts that the defendants deprived him "of his rights privilege[s], immunities, property and liberties guaranteed to him by the *Fourth* and *Fourteenth Amendments*" and makes passing reference to the *Fourth Amendment* and the unlawful seizure of property. *Id.* at ¶ 496. He labels his second cause of action, *id.* at ¶¶ 505-12, as a claim pursuant to *§§ 1983* and *1985(2)* for "conspiracy and obstruction of justice," and asserts that the defendants conspired to deprive him "of his constitutional life, liberty, and property rights with his Cannon business," Doc. 1 at ¶ 506, motivated **[*6]** by "legal and political retribution" and "paybacks" to competitors. *Id.* at ¶ 510. He labels his third cause of action, *id.* at ¶¶ 513-20, as a claim pursuant to *42 U.S.C. § 1986* for "conspiracy and neglect to prevent," and asserts that three of the defendants negligently or recklessly refused to prevent the wrongful acts of the other defendants, presumably a reference to the first two claims. Doc. 1 at ¶¶ 516-17. He generally alleges the deprivation of his constitutional rights and a loss of liberty, property, and privacy, *id.* at ¶¶ 518-19, but he does not identify which constitutional provisions are at issue.

**1. Standing**

Courts treat standing as consisting of two related components: the constitutional requirements of Article III and non-constitutional prudential considerations. *See Franchise Tax Bd. v. Alcan Aluminium Ltd., 493 U.S. 331, 335, 110 S. Ct. 661, 107 L. Ed. 2d 696 (1990)*; *Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)*.

**a. Article III Standing**

The defendants do not explicitly challenge Mr. McClain's

Article III standing. He alleges that he has been harmed by the defendants' allegedly unconstitutional actions, which facially give rise to a federal question and to subject matter jurisdiction. In another context, the Supreme Court has held that a shareholder has Article III standing to bring suit based on a claim that unconstitutional taxes [*7] were assessed against the corporation. *Franchise Tax Bd., 493 U.S. at 335-36*. The Court assumes constitutional standing for purposes of this motion. *See Munoz v. SunTrust Bank, No. 5:15-CV-00119-RLV-DCK, 2016 U.S. Dist. LEXIS 72683, 2016 WL 3176594, at \*5 (W.D.N.C. June 3, 2016)*, aff'd, *674 F. App'x 321 (4th Cir. 2017)*.

### b. Prudential Standing

Federal courts face self-imposed prudential limits on their jurisdiction "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth, 422 U.S. at 498*; *Doe v. Va. Dep't of State Police, 713 F.3d 745, 753 (4th Cir. 2013)*. The prudential dimensions of the standing doctrine are "not as definite as its constitutional dimensions," but it is clear that "prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights." *Doe, 713 F.3d at 753* (quoting *Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004))*.[1] The defendants challenge Mr. McClain's standing to bring his federal claims under the "shareholder standing" rule, Doc. 13 at 17, which is one such prudential limit. *Franchise Tax Bd., 493 U.S. at 336*.

Interpreting North Carolina law,[2] the Fourth Circuit has explained that the shareholder standing rule prevents individual shareholders from pursuing claims that are derivative of harm caused by third parties to a corporate entity. *Smith Setzer & Sons v. S.C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994)*; *see also Rivers v. Wachovia Corp., 665 F.3d 610, 614-15 (4th Cir. 2011)*; accord *Barger v. McCoy Hillard & Parks, 346 N.C. 650, 658-59, 488 S.E.2d 215, 219 (N.C. 1997)*. Indeed, a corporate "shareholder—even a sole shareholder—does not have standing to assert claims alleging wrongs to the corporation." *Smith Setzer, 20 F.3d at 1317*; *see also Forest Ambulance Serv. v. Mercy Ambulance, 952 F. Supp. 296, 304 (E.D. Va. 1997)* ("Shareholders [*8] lack standing to bring a *§ 1983* action claiming injury to the corporation in which they own shares.").[3] The rule is "fundamental," *Smith Setzer, 20 F.3d at 1317*, because it precludes self-selected advocates from pursuing individual gain rather than the interests of the corporation or those who share a common injury or interest in the proceedings, such as other shareholders and creditors. *See Rivers, 665 F.3d at 615*; *Munoz, 2016 U.S. Dist. LEXIS 72683, 2016 WL 3176594 at \*6*; *see also* 12B Fletcher Cyc. Corp. § 5910 (Sept. 2020). Here, all of Mr. McClain's federal claims are brought solely to enforce the interests of Cannon, except for his *Fourth Amendment* claim of unlawful seizure of personal property.

Mr. McClain refers in passing to the *Fourth Amendment* and to the unlawful seizure of his personal property. Doc. 1 at ¶¶ 416-19, 496. Although rather unclearly, he appears to allege that one or more defendants unlawfully seized his personal property when they went onto the business premises of Cannon and Premier pursuant to the state seizure order. *Id.* at ¶ 419. The shareholder standing doctrine does not preclude a claim that one or more of the defendants violated his personal *Fourth Amendment* rights by unlawfully seizing property

---

[1] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017)*.

[2] To determine if a "shareholder's claims are derivative of the corporation's claims for standing purposes," and thus barred by the "shareholder standing" doctrine, federal courts "apply the law of the state of incorporation." *See Termorio S.A., E.S.P. v. Electrificadora Del Atlantico S.A., E.S.P., 421 F. Supp. 2d 87, 92 (D.D.C. 2006)* (citing *Kamen v. Kemper Fin. Servs., 500 U.S. 90, 108-09, 111 S. Ct. 1711, 114 L. Ed. 2d 152 & n.10 (1991))*; accord *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994)* (following North Carolina's "shareholder standing" doctrine because that is the state in which the relevant corporate entity was incorporated). Cannon and Premier are North Carolina limited liability companies, and thus the Court looks to North Carolina state law formulations of the "shareholder standing" doctrine to determine whether federal prudential considerations require that Mr. McClain's claims be dismissed upon standing grounds. *Munoz, 2016 U.S. Dist. LEXIS 72683, 2016 WL 3176594, at \*6 n.5*.

[3] Although the rule is phrased in terms of corporations and shareholders, North Carolina courts have applied it with equal force to limited liability corporations like Cannon and Premier. *See Dawson v. Atlanta Design Assocs., 144 N.C. App. 716, 719 n.1, 551 S.E.2d 877, 880 n.1 (2001)*; *Regions Bank v. Reg'l Prop. Dev. Corp., No. 07 CVS 12469, 2008 NCBC LEXIS 8, 2008 WL 1836657, at \*4 (N.C. Super. Apr. 21, 2008)* (unpublished).

that belongs to him.

But the remaining constitutional claims that Mr. McClain asserts are based on injuries to [*9] companies in which he claims an ownership interest, not to Mr. McClain. He alleges that Cannon's assets were seized and that Cannon was placed under the control of the Department of Insurance. All of the equal protection and due process claims relate to these actions directed to Cannon. To the extent he asserts a Fourth Amendment claim for seizure of property belonging to Cannon or Premier or other individuals, he is also attempting to enforce the rights of others. As such, the prudential standing rules bar these federal claims unless Mr. McClain satisfies an exception.

North Carolina law contemplates only two exceptions to the shareholder standing rule: (1) where "the shareholder can show that the wrongdoer owed him a special duty," or (2) where "the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself." Barger, 346 N.C. at 658-59, 488 S.E.2d at 219.

To support an individual lawsuit under the first shareholder exception, "the duty must be one that the alleged wrongdoer owed directly to the shareholder as an individual." Id. The existence of a special duty is established by facts showing a personal duty to the shareholder that is "separate and distinct from the [*10] duty defendants owed the corporation." Id.

Here, Mr. McClain asserts that the defendants owed him a fiduciary duty after they seized Cannon and placed it into rehabilitation because he is Cannon's only officer and the majority owner of Cannon's parent company, Premier. Doc. 16 at 20-21. But the purpose of the statute that authorized the Department of Insurance to seize Cannon, N.C. Gen. Stat. § 58-30-65, "is to protect the interests of policyholders, claimants, creditors, and the public generally," Id. § 58-30-1(c), not to protect individual shareholders or officers. Any duty arising pursuant to the commissioner's rehabilitation powers is owed to many interested stakeholders, including the public; it is not a duty specific to Mr. McClain in his personal capacity.

The cases cited by Mr. McClain do not support his argument that the defendants owe him a fiduciary duty. See Doc. 16 at 20-21. Barger v. McCoy involved an action by all three shareholders and directors of a furniture company against the company's accountant after financial mismanagement forced the company into bankruptcy. 346 N.C. 650, 488 S.E.2d 215 (1997). The plaintiffs sued in their personal capacities, seeking recovery for lost share value on the theory that the defendant owed them a special [*11] duty distinct from the defendant's duty to provide non-negligent services to the company. The North Carolina Supreme Court held that "any duty defendants owed plaintiffs was purely derivative of defendants' duty to" the company. Barger, 346 N.C. at 660, 488 S.E.2d at 220. That is the situation here as well.

Mr. McClain also cites North Carolina v. Blackburn, 492 F. Supp. 2d 525, 530 (E.D.N.C. 2007), seemingly for the proposition that Mr. Causey owes him a special duty flowing from N.C. Gen. Stat. § 58-30-1. Doc. 16 at 21. But neither that statute nor *Blackburn* support this proposition. Both merely point out the commissioner's duties to protect the interests of policyholders, claimants, creditors, and the public, and neither charges the commissioner with any special duty to officers or shareholders of insurance companies.

The facts that Mr. McClain owns 75% of Premier, which owns all of Cannon, and that he was the sole officer of Cannon do not give rise to a specialized duty to Mr. McClain on the part of the defendants. The first shareholder standing exception does not apply.

As to the second exception, the North Carolina Supreme Court has explained that a shareholder's injury is "separate and distinct" when "a legal basis exists to support [the plaintiff's] allegations of an individual loss, separate and distinct from [*12] any damage suffered by the corporation." Barger, 346 N.C. at 659, 488 S.E.2d at 220. Here, however, Mr. McClain alleges injuries and damages to Cannon. For example, Mr. McClain alleges an equal protection claim on the ground that he was treated differently relative to the defendants' treatment of other insurance companies, but he only describes actions taken by the defendants against Cannon. Doc. 16 at 7, 10-13. Similarly, he contends that the Department of Insurance's seizure of Cannon and its corporate property deprived him of a protected property interest without due process. Id. at 14-16. But these were actions against Cannon, not against Mr. McClain. See Energy Invs. Fund, LP v. Metric Constructors, Inc., 351 N.C. 331, 336, 525 S.E.2d 441, 444 (2000). Moreover, as the complaint makes clear, Cannon is owned by Premier, so any injury to Mr. McClain is derivative of the damage to Premier and shared by Premier's other owner, Mr. Brawley.

Mr. McClain contends that he has liberty interests in his

chosen occupation and his reputation and that the deprivation of these interests is personal to him. Doc. 16 at 9, 20. But the conclusory allegations in the complaint contain no facts to support these contentions. Mr. McClain does not allege that the defendants have prevented him from operating in the bail bond business as an individual or **[*13]** through another company. In fact, Mr. McClain alleges that he has been continuously licensed as a bail bondsman in North Carolina since 2008. Doc. 1 at ¶ 58. And while he claims harm to his reputation, he alleges no facts plausibly asserting harm to any more tangible interest, as is required to invoke the procedural protection of the due process clause. See Paul v. Davis, 424 U.S. 693, 701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976); see also Sciolino v. City of Newport News, 480 F.3d 642, 646 (4th Cir. 2007). His perfunctory references to his privacy rights are likewise entirely conclusory.

### 2. Fourth Amendment Claim

While Mr. McClain has standing to assert a Fourth Amendment claim for the unreasonable and unlawful seizure of his personal property, that cause of action is subject to dismissal for failure to state a claim. The complaint does not identify which defendant allegedly took his property; instead he refers only generically to "the defendants" or "the DOI and its personnel." Doc. 1 at ¶¶ 413-20. While he does name three of the defendants as participating in the seizure of property from Cannon's office, *id.* at ¶ 395, he does not say which of the three, if any, seized his personal items. Nor does the complaint identify his personal property or describe it in any detail. Finally, it is unclear how the seizing defendant should have even arguably known that the property **[*14]** did not belong to Cannon, which is important since a state court apparently authorized the Department to seize Cannon's property. *See* Doc. 12-2 (authorizing seizure of property belonging to Cannon on 9/27/2017); Doc. 1 at ¶ 35 (alleging date of seizure as 9/28/2017).

"[T]he use of shotgun pleadings in civil cases is a ubiquitous problem, making it particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial." McLean Contracting Co. v. Waterman S.S. Corp., 277 F.3d 477, 480 (4th Cir. 2002) (quoting with approval Morro v. City of Birmingham, 117 F.3d 508, 515 (11th Cir.1997)). A pleading that vaguely attributes discrete actions to "Defendants" rather than to a specific party "deprives [the defendants] and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible." *Luna-Reyes v. RFI Constr., LLC,* 57 F. Supp. 3d 495, 503-04 (M.D.N.C. 2014); *accord* Epic Tech, LLC v. STHR Grp., LLC, No. 1:15CV252, 2015 U.S. Dist. LEXIS 163486, 2015 WL 8179513, at *13, *report and recommendation adopted*, No. 1:15-CV-252, 2015 U.S. Dist. LEXIS 173536, 2015 WL 9592522 (M.D.N.C. Dec. 31, 2015). This is particularly a problem in the context of constitutional claims, where defendants may well have immunity defenses available depending on the alleged facts, *see generally* Cybernet, LLC v. David, No. 7:16-CV-16-RJ, 2018 U.S. Dist. LEXIS 187932, 2018 WL 5779511, at *16 (E.D.N.C. Nov. 2, 2018), *aff'd*, 954 F.3d 162 (4th Cir. 2020), and, in the Fourth Amendment context, where a claim is generally evaluated on the basis **[*15]** of reasonableness of the particular defendant's conduct. *See generally* Messerschmidt v. Millender, 565 U.S. 535, 546-47, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012) (discussing qualified immunity in the search warrant context).

Dismissal in this situation is appropriate because the plaintiff has failed to state a claim that is plausible on its face as against any individual defendant. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, as dismissal is a drastic remedy, the Court will withhold judgment for 14 days. This will give the plaintiff an opportunity to file a motion to amend and a proposed amended complaint with sufficient factual detail, should he wish to pursue a personal Fourth Amendment claim against any particular defendant and should he be able to meet the requirements of Rule 11.

### 3. Conclusion as to Federal Claims

Aside from his shotgun claim that unidentified defendants violated his Fourth Amendment rights through the unlawful seizure of his personal property, Mr. McClain has alleged only injuries to corporate entities in which he has ownership interests. All of the facts he alleges show direct harm to Cannon or Premier and only derivative harm to himself. No exception to the shareholder standing rule applies, and all of his federal claims, except the § 1983 claim for violation of his personal Fourth Amendment rights, will be dismissed for lack of prudential **[*16]** standing. His Fourth Amendment claim as to his personal property will be dismissed for failure to state a claim, subject to the filing

of a motion to amend filed within 14 days.[4]

**C. State Claims**

Unlike state courts, which are courts of general jurisdiction, the district courts of the United States are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)*. Their original jurisdiction is limited by the Constitution and by congressional statute. *Id.* Once a district court has established original jurisdiction over at least one claim, it has supplemental jurisdiction over any additional claims that are part of the same case or controversy. *28 U.S.C. § 1367(a)*. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Id. § 1367(c)(3)*.

Because the Court has dismissed Mr. McClain's federal claims for lack of prudential standing and failure to state a claim, the Court declines to exercise supplemental jurisdiction over the remaining state tort claims, which will be dismissed without prejudice. *See Banks v. Gore, 738 F. App'x 766, 773 (4th Cir. 2018)* (unpublished). Should Mr. McClain file a motion to amend to assert his personal *Fourth Amendment* claim with more specificity, he is not prohibited from reasserting any appropriate state **[*17]** law claims.[5] If such claims are reasserted, the plaintiff should avoid repeating his shotgun pleadings that are not specific as to individual defendants and should carefully and clearly state the acts that each defendant allegedly did to constitute the specific tort. Further shotgun claims are subject to dismissal without leave to amend.

**Conclusion**

Mr. McClain's federal causes of action based on injuries derivative of his ownership interests in Cannon Surety, LLC and Premier Judicial Consultants, LLC will be dismissed for lack of prudential standing. His *Fourth Amendment* claim that the defendants seized some of his personal property will be dismissed for failure to state a claim, but without prejudice to file a motion to amend with increased specificity. The Court declines to exercise its supplemental jurisdiction over the remaining state tort claims against the defendants, which will be dismissed without prejudice.

It is **ORDERED** that the motion to dismiss, Doc. 12, is **GRANTED**. Judgment will be entered in 14 days if no motion to amend is filed.

This the 12th day of January, 2021.

/s/ Catherine C. Eagles

UNITED STATES DISTRICT JUDGE

---

**End of Document**

---

[4] The defendants have also made other arguments and asserted other defenses to the constitutional claims, but those arguments were not specific to the personal *Fourth Amendment* claim. If and when Mr. McClain moves to file an amended complaint, the defendants may address any immunity defenses more specifically, in light of the proposed amendment.

[5] Mr. McClain did not respond to the defendants' arguments about the *Eleventh Amendment* and sovereign immunity for any claims against those defendants in their official capacities, so if he asserted such claims, they have been abandoned. *Sawyers v. United Parcel Service, Inc., No. 1:18-CV-1037, 2019 U.S. Dist. LEXIS 154571, 2019 WL 4305771, at *3 (M.D.N.C. Sept. 11, 2019)* ("This district and others within the Fourth Circuit agree that failing to respond to an argument constitutes an abandonment of a claim.").