EXHIBIT 6

# Port City Logistics, Inc. v. Chasewater Logistics, LLC

United States District Court for the Western District of North Carolina, Charlotte Division

July 17, 2024, Decided; July 18, 2024, Filed

CASE NO. 3:23-CV-541-RJC-DCK

**Reporter**
2024 U.S. Dist. LEXIS 146366 *; 2024 WL 3841527

PORT CITY LOGISTICS, INC., Plaintiff, v. CHASEWATER LOGISTICS, LLC, Defendant.

**Counsel:** [*1] For Port City Logistics Inc., Plaintiff: Thomas Owen Crist, Benesch Friedlander Coplan & Aronoff, Cleveland, OH.

For Chasewater Logistics, LLC, Defendant: Jonathan Edward Schulz, LEAD ATTORNEY, Bradley Arant Boult Cummings LLP, Hearst Tower, Charlotte, NC.

**Judges:** David C. Keesler, United States Magistrate Judge.

**Opinion by:** David C. Keesler

## Opinion

### MEMORANDUM AND RECOMMENDATION

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff/Counterclaim Defendant's Motion To Dismiss Defendant/Counterclaim Plaintiff's Counterclaim for Declaratory Judgment." (Document No. 13). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

### I. BACKGROUND

Plaintiff Port City Logistics Inc. ("Port City" or "Plaintiff/Counterclaim Defendant") is a third-party logistics company, specializing in drayage services, warehouse storage, and distribution services for shipments to major retailers and distribution centers. (Document No. 1, p. 2). Defendant Chasewater Logistics, LLC ("Chasewater" or "Defendant/Counterclaim Plaintiff") is a freight [*2] shipping broker. Id.

Port City filed its "Complaint" (Document No. 1) on August 28, 2023. The "Complaint" asserts claims for: (1) breach of contract; (2) unjust enrichment/quantum meruit; and (3) account stated. Id. at 3-5.

The Complaint contends that Port City is entitled to recover damages from Chasewater in an amount not less than $125,192.05, plus pre-judgment and post-judgment interest, costs, and reasonable attorney's fees, stemming from several incidents which allegedly occurred from in or about May 2022 through in or about September 2022. (Document No. 1, p. 2). The Complaint further contends that Chasewater entered into agreements with Port City to store storage containers on Port City's property and that these agreements were memorialized with purchase orders and invoices. Id. The Complaint continues that "several of these storage containers would remain on [Port City's] property for extended periods of time despite [Port City's] attempts to follow up with Chasewater and thereby accruing significant demurrage (the 'Storage Costs')." Id.

In addition, the Complaint contends that "[s]eparately, in certain instances, [Chasewater] would request that [Port City] deliver empty shipping [*3] containers to [Chasewater] or its third parties (the 'Delivery Costs')," and "[i]t was not until [Port City] sought payment for certain of these deliveries that [Chasewater] would advise [Port City] that [Port City] had sent the wrong shipping containers and [Chasewater] would refuse to provide payment." Id. at 3. Finally, the Complaint contends that Chasewater "never brought this issue to [Port City's] attention and did not provide [Port City] with an opportunity to mitigate any alleged damages." Id.

In response to the "Complaint," "Defendant Chasewater Logistics, LLC's Answer And Counterclaims" was filed on November 29, 2023. (Document No. 12). The ". . . Answer And Counterclaims" contends that, contrary to Port City's allegations, "Chasewater already paid Port City for [storage] services, but for *de minimis* disputed

amounts," "Chasewater has paid Port City for all . . . accrued fees, but for *de minimis* disputed amounts," and Chasewater "denies" Port City's allegation that Chasewater failed to advise Port City that the wrong containers had been delivered and did not provide Port City with an opportunity to mitigate any alleged damages. Id. at 3. The ". . . Answer And Counterclaims" **[*4]** further denies breach of contract, unjust enrichment, and account stated on the part of Chasewater and contends that "Chasewater has already paid Port City in excess of $125,192.05" for the services at issue. Id. at 4.

Chasewater also brings two counterclaims: (1) breach of contract on the part of Port City, claiming $159,960 in monetary damages; and (2) a claim for a "declaratory judgment/setoff" in the amount of $159,960. (Document No. 12, p. 7-8). In support of these counterclaims, Chasewater contends that it "incurred per diem charges, excess chassis charges, and delivery costs in circumstances where shipping containers sat on Port City's property or 'yard' and were not 'ingated' in a timely manner by Port City." Id. at 7. Further, Chasewater contends that it "paid these per diem charges, excess chassis charges, and delivery costs in an amount in excess of $159,960," that "Port City is responsible for the delays resulting in these damages," and that "Port City breached its obligations under [the] contracts by failing to timely 'in-gate' shipping containers." Id. at 7-8.

Port City filed the pending "Motion To Dismiss . . .Counterclaim for Declaratory Judgment" (Document No. 13) and **[*5]** an accompanying "Memorandum Of Law . . ." on December 18, 2023. (Document No. 13-1). Port City's Memorandum contends that pursuant to Local Rule 7.1 and Rule 12(b)(6), Chasewater's counterclaim for a declaratory judgment fails to state a claim as a matter of law because (1) the claim is untimely; and (2) the claim is duplicative of Chasewater's breach of contract counterclaim. Id. at 4-6.

Chasewater's "Response In Opposition . . ." was filed on January 9, 2024. (Document No. 18); Port City's "Reply Brief In Support Of Its Motion To Dismiss . . ." was filed on January 16, 2024. (Document No. 19).

The pending motion is now ripe for review and a recommendation to the Honorable Robert J Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the **[*6]** defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not **[*7]** further relief is or could be sought." 28 U.S.C. § 2201(a). For a federal court to

exercise jurisdiction in a declaratory judgment proceeding, three elements must be met:

> (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in the exercise of jurisdiction.

Volvo Const. Equipment N.A., Inc. v. CLM Equipment Co., 386 F.3d 581, 592 (4th Cir. 2004) (internal quotation marks omitted). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)).

The questions before the Court are whether Chasewater's counterclaim for declaratory judgment is timely and not subject to dismissal as duplicative of its breach of contract claim.

"The Fourth Circuit has explained that a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, [*8] and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 225, 256 (4th Cir. 1996) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). The Fourth Circuit has explained that the Declaratory Judgment Act "does not impose a mandatory obligation upon the federal courts to make such declarations of rights. Rather, a district court's decision to entertain a claim for declaratory relief is discretionary." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir. 1998).

## A. Timeliness of Chasewater's Counterclaim for Declaratory Judgment

Port City initially contests the first jurisdictional prerequisite, arguing "a judicial declaration of the Parties' rights and obligations is unnecessary and inappropriate because the relevant conduct and wrongdoing suffered by [Chasewater], if any, has already occurred." (Document No. 13-1, p. 4). Port City argues that "declaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation and are untimely if the questionable conduct has already occurred or damages have already accrued." Id. (citing Tapia v. U.S. Bank, N.A., 718 F.Supp.2d 689, 695 (E.D. Va. 2010)). Because "the damages arising from the Parties' business dealings have already occurred," Port City contends that "the claim for declaratory judgment is untimely," and "[t]he first prong of the declaratory judgment test is . . . unsatisfied." (Document No. 13-1, p. 5). [*9]

In response, Chasewater argues that its declaratory judgment claim is not untimely because the parties currently "hotly contest their rights under applicable contracts and agreements," such that "there is a sufficiently concrete and cognizable case or controversy to satisfy Article III." (Document No. 18, p. 4) (citing U.S. Bank Nat'l Ass'n v. Sofield, 2017 U.S. Dist. LEXIS 90604, 2017 WL 2569740, at *5-6 (W.D.N.C June 13, 2017); Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 151 F.Supp. 3d 1294, 1303 (M.D. Fla. 2015)). Further, Chasewater contends that the authorities cited by Port City on this issue are not persuasive because here, "neither Chasewater nor Port City has taken actions inconsistent with the claims they now assert." Id.

In reply, Port City reasserts its contention that Chasewater's claim for declaratory judgment is untimely. (Document No. 19, p. 2). Port City further contends that Chasewater has not "address[ed] how the facts here warrant a declaratory judgment when it is undisputed that the conduct and alleged damages have already occurred," and has not "explain[ed] how disagreements over the Parties' agreements will not be resolved by their dueling breach of contract claims." Id. at 2, 3.

The Court finds Plaintiff's position more persuasive. The Fourth Circuit has explained that "an actual controversy exists under the Declaratory Judgment Act when a plaintiff seeks declaratory relief in order to avoid [*10] the accrual of potential damages for past actions." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co. Inc., 386 F.3d 581, 593 (4th Cir. 2004) (citing NUCOR Corp. v. Aceros Y Maquilas de Occidente, 28 F.3d 572, 577 (7th Cir. 1994)). In Volvo, the Fourth Circuit found that "an actual controversy existed" because "Volvo possessed a reasonable apprehension of a multiplicity of litigation and liability for ongoing damages." Volvo Const. Equip., 386 F.3d at 593; see also, Progressive Am. Ins. Co. v.

*De Pinto, No. 3:21-CV-006-RJC-DSC, 2022 U.S. Dist. LEXIS 117414, 2022 WL 2438427, at *6-7 (W.D.N.C. July 5, 2022)* (finding the actual controversy prong satisfied because "[u]pon information and belief, Progressive alleges that five other defendants who were injured in the accident will pursue similar claims against the De Pinto's and Progressive, and that the De Pinto's will seek indemnification from Progressive.").

Alternatively, when there is no risk of accrual of damages stemming from past actions, many courts have recognized that a "declaratory judgment is generally unavailable when 'claims and rights asserted have fully matured, and the alleged wrongs have already been suffered.'" *Jones v. Jones, 206 F.Supp.3d 1098, 1113 (E.D. Va. 2016)* (citing *Hanback v. DRHI, Inc., 94 F.Supp.3d 753, 758 (E.D. Va. 2015)*). "This is so because, when a contract has already been breached causing damages, there is no guidance that can be offered via a declaratory judgment to steer conduct away from breach of contract." *Jones, 206 F.Supp.3d at 1113* (internal quotation marks omitted); see also, *Bagley v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 11880, 2013 WL 350527, at *7 (E.D.Va. Jan. 29, 2013)* ("Declaratory relief is designed to apply prospectively to prevent or mandate reasonably certain **[*11]** future conduct."); *Horvath v. Bank of N.Y., N.A., 2010 U.S. Dist. LEXIS 19965, 2010 WL 538039, at *1 (E.D.Va. Jan, 29, 2010)* ("Declaratory relief is reserved for forward looking actions . . .").

Here, all of the alleged conduct giving rise to the parties' breach of contract claims, including the alleged breaches upon which Chasewater bases its counterclaim for declaratory judgment, occurred in 2022. (Document No. 1, p. 2); (Document No. 12, p. 2). There is no apparent potential for future damages or accrual of damages for past actions, stemming from the contracts at issue. Additionally, as discussed below, any relief owed to Chasewater will be fully addressed by resolution of its breach of contract counterclaim. Therefore, the undersigned finds that a declaratory judgment would serve no useful purpose in clarifying and settling legal relations in issue, nor would it terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

For this initial reason, the undersigned will respectfully recommend that the Court grant "Plaintiff/Counterclaim Defendant's Motion To Dismiss Defendant/Counterclaim Plaintiff's Counterclaim For Declaratory Judgment." Put simply, Defendant's declaratory judgment counterclaim is untimely.

## B. Chasewater's Declaratory Judgment [*12] Counterclaim as Duplicative of its Breach of Contract Counterclaim

Port City next argues that Chasewater's "declaratory judgment claim is duplicative of [its] breach of contract claim, and will serve no useful purpose in clarifying and settling the Parties' legal relations." (Document No. 19, p. 3). Thus, Port City argues, this Court should "exercise its discretion to dismiss [Chasewater's] declaratory judgment claim." (Document No. 13-1, p. 5). Port City contends that "[d]eclaratory relief should be granted only when doing so will help to clarify and settle the legal relations in issue and 'afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Id. (citing *Moses H. Cone Mem'l Hosp. Operating Corp. v. Springfield Serv. Corp., 2014 U.S. Dist. LEXIS 98140, 2014 WL 12935967, at *2 (M.D.N.C. July 18, 2014))*. Port City argues that "a declaratory judgment claim does not serve a useful purpose where that purpose is only to resolve an already-existing breach of contract claim," and thus would be inappropriate in this case. (Document No. 13-1, p. 5) (citing *Sprint Communications Co., L.P. v. FairPoint Commc'ns, Inc., 2017 U.S. Dist. LEXIS 104775, 2017 WL 2919015, at *6 (W.D.N.C. July 7, 2017))*.

In response, Chasewater argues that its counterclaim for declaratory judgment is not subject to dismissal as duplicative of its breach of contract counterclaim. (Document No. 18, p. 5). Chasewater contends that even if its declaratory judgment **[*13]** claim is "duplicative of its breach of contract claim," that is "not a basis for denying declaratory relief." Id. (citing *Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 151 F.Supp.3d 1294, 1303 (M.D. Fla. 2015)*). Chasewater also argues that "[e]ven if being duplicative of other claims were sufficient to warrant dismissal of a declaratory judgment claim, dismissal of [Chasewater's] declaratory judgment counterclaim would still be inappropriate" because Chasewater's declaratory judgment counterclaim is "not simply identical to, or duplicative of its breach of contract counterclaim." (Document No. 18, p. 5). Chasewater argues that its declaratory judgment counterclaim is not duplicative, but rather the declaratory judgment counterclaim "seeks judicial declaration regarding the interplay, or interaction between Port City's Claims and Chasewater's claim, via setoff." Id.

In reply, Port City reasserts its argument that Chasewater's declaratory judgment counterclaim is

inappropriate because it is "duplicative of Defendant's breach of contract claim, and will serve no useful purpose in clarifying and settling the Parties' legal relations." (Document No. 19, p. 3). Further, Port City notes that "[o]ther federal district courts have dismissed claims for declaratory judgment on setoff [*14] rights as duplicative of breach of contract claims." Id. (citing *MSR Tr. V. Nationstar Mortg. LLC, 2022 U.S. Dist. LEXIS 135431, 2022 WL 3441613, at \*14 (S.D.N.Y. July 28, 2022)*; *Driveline Retail Merch., Inc. v. PepsiCo, Inc., 2018 U.S. Dist. LEXIS 84590, 2018 WL 2298386, at \*10 (E.D. Tex. May 21, 2018)*).

This Court again finds Plaintiff's argument compelling. Many courts have previously recognized that a declaratory judgment does not serve a useful purpose where that purpose is only to resolve an already-existing breach of contract claim. *Sprint Commc'ns Co., L.P. v. FairPoint Commc'ns, Inc., No. 3:16-CV-820-GCM, 2017 U.S. Dist. LEXIS 104775, 2017 WL 2919015, at \*6 (W.D.N.C. July 7, 2017)*; see also, *Torchlight Loan Servs., LLC v. Column Fin., Inc., 2012 U.S. Dist. LEXIS 105895, 2012 WL 3065929, at \*13 (S.D.N.Y. July 25, 2012)* ("A declaratory judgment serves no 'useful purpose' when it seeks only to adjudicate an already-existing breach of contract claim."); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa., 2012 U.S. Dist. LEXIS 57041, 2012 WL 1416428, at \*2 (S.D.Fla. Apr. 24, 2012)* (noting that "[a] court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim"); *Narvaez v. Wilshire Credit Corp., 757 F.Supp.2d 621, 636 (N.D.Tex. 2010)* (dismissing a declaratory judgment claim because "Plaintiff's request for a declaratory judgment is duplicative of his breach of contract claim"); *Camofi Master LDC v. Coll. P'ship, Inc., 452 F.Supp. 2d 462, 480 (S.D.N.Y. 2006)* (noting that "a declaratory judgment would not further clarify the legal relations among the parties" because "the determination sought . . . will already be addressed in the breach of contract claim."). The Fourth Circuit has further explained that a declaratory judgment "should not be used to try a controversy by piecemeal, or to try particular issues without settling the entire controversy [*15] . . . ." *Centennial Life Ins. Co., 88 F.3d at 256-57* (citing *Quarles*, 92 F.2d at 325).

Finally, where a claim for declaratory judgment will be resolved by one of the claimant's other claims, and all of the relevant conduct has occurred in the past, a declaratory judgment is especially inappropriate. See *Jones, 206 F.Supp.3d at 1113* (dismissing Plaintiff's declaratory judgment claim with prejudice because "any breach of contract suffered by [Plaintiff], or other alleged harm, has already occurred" and "any relief owed to Plaintiff will be fully addressed by resolution of Plaintiff's breach of contract claim."); *see also, Bagley, 2013 U.S. Dist. LEXIS 11880, 2013 WL 350527, at \*7 (E.D.Va. Jan. 29, 2013)* (dismissing claim for declaratory judgment because "[i]n this case, there is no reasonably certain future conduct to be prevented or mandated because the foreclosure sale has already occurred, and the issue of which party is responsible for the related costs will be addressed by the underlying contract claim . . .").

Here, the same conduct is in dispute in both Chasewater's counterclaims for breach of contract and for declaratory judgment. In its first counterclaim for breach of contract, Chasewater alleges that "Port City breached its obligations under [the] contracts," and that "[t]he breaches committed by Port City have proximately caused Chasewater to suffer [*16] monetary damages in an amount greater than $159,960." (Document No. 12, p. 8). Chasewater alleges that these damages manifested in "per diem charges, excess chassis charges, and delivery costs," which Chasewater incurred due to Port City's alleged breach. (Document No. 12, p. 7).

In its second counterclaim for declaratory judgment and setoff, Chasewater alleges that "[a]n actually controversy exists" regarding the "per diem charges, excess chassis charges, and delivery costs," which Chasewater alleges entitle it to "a total setoff of no less than $159,960." (Document No. 12, p 8-9). This claim seeks resolution of issues which will necessarily be resolved in the course of litigating Chasewater's first counterclaim for breach of contract. Thus, Chasewater's second counterclaim for declaratory judgment and setoff should be dismissed "because it is duplicative and will not serve a useful purpose in clarifying and settling the legal relations at issue." *Sprint Communications Co., No. 3:16-CV-820-GCM, 2017 U.S. Dist. LEXIS 104775, 2017 WL 2919015, at \*6 (W.D.N.C 2017)* (citing *Volvo, 385 F.3d at 594*).

The Court respectfully does not share Chasewater's contention that its counterclaim for declaratory judgment and setoff is not duplicative of its breach of contract counterclaim. Chasewater argues that its claims are not duplicative [*17] because its declaratory judgment claim "seeks a judicial declaration regarding the interplay, or interaction between Port City's claims and Chasewater's claim, via setoff." (Document No. 18, p.

5). The undersigned does not find merit in this contention. In its counterclaim for declaratory judgment, Chasewater seeks "setoff" in the amount of $159,960. (Document No. 12, p. 9). The basis for Chasewater's setoff amount is its allegation in its first counterclaim for breach of contract that "[t]he breaches committed by Port City have proximately caused Chasewater to suffer monetary damages in an amount greater than $159,960." Id. at 8. Thus, the merits of Chasewater's claim to the setoff amount will necessarily be addressed in its first counterclaim for breach of contract.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff/Counterclaim Defendant's Motion To Dismiss Defendant/Counterclaim Plaintiff's Counterclaim For Declaratory Judgment" (Document No. 13) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained **[*18]** herein may be filed within fourteen (14) days of service of the same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 17, 2024

/s/ David C. Keesler

David C. Keesler

United States Magistrate Judge

**End of Document**